IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DELILAH MARTSOLF, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 13-1581 |
| v. | ) | |
| | ) | United States Magistrate Judge |
| UNITED AIRLINES, INC., | ) | Cynthia Reed Eddy |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

This is an action in which Plaintiff Delilah Martsolf has sued United Airlines, Inc. ("United") for violation of the Americans with Disabilities Act. She claims that United (1) unlawfully terminated her employment, and (2) subjected her to a hostile work environment. A jury trial in this case is scheduled to begin today, December 7, 2015. The Court held a Pretrial Conference on December 1, 2015.[1] At this conference, the Court orally ruled upon the parties' motions in limine, which were pending at the time. This Memorandum Opinion will explain the Court's basis for said rulings.

**II.    UNITED'S MOTION *IN LIMINE* CONCERNING THE ALLEGED TRIPLETT E-MAILS**[2]

Plaintiff has indicated that she intends to introduce into evidence e-mails which were purportedly written and sent by Plaintiff's co-worker, Joanne Triplett. These anonymous e-mails contain offensive language and make derogatory comments about Plaintiff and also discuss instances of other United employees treating Plaintiff in an inappropriate manner. Plaintiff contends that, after she was terminated by United, an anonymous source delivered hard copies of

---
[1] *See* (Minute Entry from 12/01/2016, ECF No. 65).
[2] (ECF No. 53).

1

these e-mails to her. Hard copies of these three e-mails were also anonymously delivered to United at its location in the Pittsburgh International Airport. Importantly, the areas identifying the recipient's address, the subject line, and the date of electronic delivery are all blacked out on these copies. Because the Court agrees with United that these e-mails should not be introduced into evidence or referenced by Plaintiff, the Court grants this motion in limine.

Rule 901(a) of the Federal Rules of Evidence requires that evidence be authenticated before it is admitted. The United States Court of Appeals for the Third Circuit "does not require conclusive proof of a document's authenticity, but merely a prima facie showing of some competent evidence to support authenticity."[3] Although the "standard for authenticating evidence is 'slight,'" the evidence will not go to the jury if a prima facie showing of authentication is not made.[4] Rule 901(b) provides a non-exhaustive list of examples which satisfy the authentication requirement; however, all of the examples therein are either inapplicable or have not been satisfied by Plaintiff.

Here, Plaintiff has failed to make a prima facie showing of some competent evidence to support the authenticity of these three e-mails. The Court has reviewed all three of the purported Triplett e-mails, which were allegedly anonymously delivered to both Plaintiff and United after United terminated Plaintiff. Plaintiff admittedly lacks first-hand knowledge of who delivered the e-mails. Triplett denies creating or sending these e-mails, and Plaintiff's contention that Triplett did so is merely speculation unsupported by any competent evidence.[5] Moreover, Plaintiff's assertion that Donald Beckley, a United employee, told her that the e-mails were real is flatly disputed by United, and in any event, does not give Plaintiff first-hand knowledge that they were

---

[3] *United States v. Turrner*, 718 F.3d 226, 232 (3d Cir. 2013) (citing *McQueeney v. Wilmington Trust Co.*, 779 F.2d 916, 928 (3d Cir. 1985) and *United States v. Goichman*, 547 F.2d 778, 784 (3d Cir. 1976)).
[4] *Id.*
[5] *Cf.* Fed. R. Evid. 901(b)(1). **Testimony of a Witness with Knowledge**: ("Testimony that an item is what it is claimed to be" satisfies the authentication requirement.).

in fact real.[6]

Plaintiff also attempts to show that Triplett created the e-mails because one of the e-mails misspells the word "manner." Plaintiff notes that her termination letter, which was signed and delivered by United employee Mel Johnson, contained the same misspelling. According to Plaintiff, Triplett would frequently draft letters for Mel Johnson. Plaintiff therefore suggests, without any proof, that Triplett may have drafted Plaintiff's termination letter. Plaintiff argues that this misspelling is a distinctive characteristic which could satisfy the authentication requirement.[7] However, United denies that Triplett had any role in drafting the termination letter, and Plaintiff has no proof whatsoever that this occurred. Therefore, under the circumstances, the common misspelling of the word "manner" in these two documents is not a sufficient distinctive characteristic to satisfy the authentication requirement.

Additionally, for comparison purposes, Plaintiff offers other sample e-mails from United employees which are indisputably authentic in an attempt to show that the three anonymous e-mails are of the same format. Unlike these sample e-mails, however, which are complete and unredacted, the most important areas of the three anonymous e-mails, at least for purposes of authentication, are blacked out; that is, the recipient's address, the subject line, and the line showing the date the e-mails were sent.[8] Notably, Plaintiff has not produced sample e-mails

---

[6] *See United States v. Fluker*, 698 F.3d 988, 999 (7th Cir. 2012) (authentication under Rule 901(b)(1) is "impossible" when neither the author nor anyone who saw the author transcribe the e-mails can testify that the e-mails were actually sent by the author).

[7] *See* Fed. R. Evid. 901(b)(4). **Distinctive Characteristics and the Like.** ("The appearance, contents, substance, internal patters, or other distinctive characteristics, taken with all the circumstances," satisfies the authentication requirement.)

[8] *See Fluker*, 698 F.3d at 999 (the fact that the e-mail was sent to a verifiable e-mail address was an important factor for authentication); *U.S. E.E.O.C. v. Olsen Staffing Serv. Corp.*, 657 F.Supp.2d 1029, 1035 (W.D. Wisc. 2009) (e-mails may be authenticated through the e-mail addresses in the headers and other circumstantial evidence, such as the location where the e-mail was found); *United States v. Vaghari*, 2009 WL 2245097, *8 (E.D. Pa. 2009) (fact that the e-mails contained the criminal defendant's name and e-mail address in the headers, together with the fact that a hard copy of the e-mails was obtained from the defendant's apartment, weighed in favor of finding proper authentication).

from Triplett or any other evidence suggesting that Triplett has sent other offensive comments with similar contents or substance.[9]

Lastly, Plaintiff's assertion that the Court could take juridical notice that United had the expertise and resources to conduct a forensic examination of the e-mails but chose not to conduct one is misplaced. The burden of authentication, although slight, rests with Plaintiff, not United. Plaintiff had the opportunity through discovery to seek and request recovery of any relevant deleted e-mails. In the face of United challenging the authenticity of these e-mails from the beginning, no such proof of authenticity has been discovered by Plaintiff.

Because Plaintiff failed to produce any competent evidence to support a finding that that the anonymous e-mails were created by Triplett, she has failed make a prima facie showing of authentication. Accordingly, these there anonymous e-mails are appropriately excluded under Rule 901.

Furthermore, Rule 403 operates as a separate, but independent, basis for excluding these e-mails. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Court finds that if the e-mails were introduced into evidence, it would create a situation of having a trial within a trial as to whether these e-mails were in fact created by Triplett. Indeed, fairness would necessarily require allowing United to dispute their validity by offering evidence that Plaintiff's sister has been very involved in this lawsuit from the beginning, and that anonymous e-mails also appeared in Plaintiff's sister's previous, unrelated lawsuit against a different airline. The Court finds that this dispute about whether the e-mails are real in

---

[9] *See* Fed. R. Evid. 901(b)(4).

light of the sister's unrelated lawsuit poses a serious threat of causing the jury to confuse the issues, and it would also result in undue delay and waste of time. The Court finds that any probative value that the e-mails may have is substantially outweighed by these dangers. To be sure, Plaintiff suffers no prejudice from the exclusion of this evidence because she was not aware of the existence of these e-mails at the time that she claims she was being harassed, and she is still able to testify about her first-hand experience in being subjected to the alleged hostile work at United.

As a result, based on the foregoing, Defendant's motion in limine to exclude Plaintiff from introducing or referencing the alleged Triplett e-mails is granted.

### III. PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PLAINTIFF'S SISTER'S LAWSUIT[10]

Plaintiff has filed a motion in limine to prevent Defendant from offering evidence of the fact that Plaintiff's sister previously filed an employment discrimination lawsuit against a different airline, and in that lawsuit, similar anonymous e-mails also appeared. In response to this motion, United notes that if the Court were to grant its own motion in limine, then it would not attempt to offer any evidence of Plaintiff's sister's prior lawsuit.[11] Because the Court has granted United's motion in limine for the reasons explained *supra*, this motion in limine from Plaintiff is also granted. However, the Court reserves making any ruling as to whether evidence of this prior lawsuit may be offered for purposes of impeachment if it becomes relevant in the event that Plaintiff opens the door during her case-in-chief.

---

[10] (ECF No. 52).
[11] (ECF No. 55, ¶ 11 n. 2).

## IV. CONCLUSION

For the reasons stated above, Defendant's motion and Plaintiff's motion are both granted.

An appropriate Order follows.

Dated: December 7, 2015.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELILAH MARTSOLF, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-1581 |
| | ) | |
| v. | ) | |
| | ) | United States Magistrate Judge |
| UNITED AIRLINES, INC., | ) | Cynthia Reed Eddy |
| | ) | |
| Defendant. | ) | |

**ORDER**

AND NOW, this 7th day of December, 2015, in accordance with the Court's rulings during the December 1, 2015 Pretrial Conference, as well as the foregoing Memorandum Opinion, the Court hereby enters the following Order:

1. Defendant United Airlines, Inc.'s Motion *in Limine* Concerning the Alleged Triplett E-Mails (ECF No. 53) is **GRANTED**. Plaintiff is prevented from introducing or referencing any of these three anonymous e-mails.

2. Plaintiff Delilah Martsolf's Motion *in Limine* to Exclude Evidence of Plaintiff's Sister's Lawsuit (ECF No. 52) is **GRANTED**. However, the Court reserves making any ruling as to whether evidence of this prior lawsuit may be offered for purposes of impeachment if it becomes relevant in the event that Plaintiff opens the door during her case-in-chief.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF